UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOYCE L. WALKER,

    Plaintiff,

v.                                                       Case No: 5:13-cv-583-Oc-22PRL

EMERITUS CORPORATION

    Defendant.

## ORDER

This employment discrimination case comes before the Court for consideration of Defendant's Motion to Compel Plaintiff's Discovery Responses and HIPPA Releases and for Sanctions for Plaintiff's Failure to Comply (Doc. 28), filed on March 7, 2014. Plaintiff has not responded to Defendant's motion, and the time for responding has expired.

Defendant requests an Order compelling Plaintiff to respond to its First Set of Interrogatories, and First Set of Requests for Production. (Doc. 28, Ex. A and B). Defendant states that the discovery requests were served on December 17, 2013, and the responses were due on or about January 16, 2014. Defendant further states that counsel contacted Plaintiff's counsel at least three times to request the outstanding discovery responses, and to provide Plaintiff with additional time to respond. Defendant's motion recites that, finally, during a conversation on March 6, 2014, counsel for Defendant asked whether she should go ahead and file a motion to compel and for sanctions, and Plaintiff's counsel responded, "File the motions." (Doc. 28).

A review of Defendant's First Set of Interrogatories (Ex. A) and First Set of Requests for Production (Ex. B) reveals that they are, more or less, fairly straightforward requests directed

toward evidence relevant to the elements of Plaintiff's claim in this case. While it is possible that Plaintiff may have valid objections to some of the requests, Plaintiff has completely failed to respond – thereby waiving any possible objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11–cv–69–Orl–19GJK, 2011 WL 6936485 *3 (M.D.Fla. Dec. 7, 2011) ("Party that does not assert objections to discovery within time permitted waives objections and is precluded from asserting objections in response to a motion to compel."). Indeed, this is consistent with the express language in Fed.R.Civ.P. 33(b)(4), regarding interrogatory responses, which provides not only that objections must be stated with "specificity", but also that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Accordingly, Defendant's motion is due to be granted as to the interrogatory responses and requests for production.

Defendant also requests that Plaintiff execute HIPPA (Health Insurance Portability and Protection Act) releases, which Defendant contends are relevant to Plaintiff's claim for emotional and mental damages in this case. A review of the Complaint, however, reveals that Plaintiff merely alleges that "she has been injured in that she has suffered mental anguish, harassment, and severe emotional distress," as a result of Defendant's alleged employment discrimination. (Doc. 2, ¶ 23). At this point, perhaps because of Plaintiff's apparent failure to engage in discovery, Plaintiff's claim does not extend beyond the "garden variety" claim for emotional distress warranting Defendant's request for a HIPPA release for medical records relating to her mental health. *See Ortiz–Carballo v. Ellspermann*, No. 5:08–cv–165–Oc–10GRJ, 2009 WL 961131, at *2 (M.D.Fla. Apr.7, 2009) ("The majority of federal courts that have addressed the issue have held that a party does not place his mental condition in controversy merely by requesting damages for mental anguish or 'garden variety' emotional distress."); *Stevenson v. Stanley Bostitch*, Inc., 201

F.R.D. 551, 553 (N.D.Ga.2001) ("The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress."). Consequently, at this early stage of discovery and given the lack of discovery that has yet to occur, this request is premature.

Defendant's motion is, therefore, due to be denied *without prejudice* in regard to the motion to compel Plaintiff's execution of HIPPA releases. If further discovery, such as Plaintiff's responses to interrogatories or her deposition testimony, reveals that Plaintiff is, in fact, claiming mental health related damages (beyond merely including broad and generic assertions in her complaint), then Defendant will likely be entitled to such releases. But that showing has not yet been made.

Accordingly, and upon due consideration, Defendant's Motion to Compel (Doc. 28) is **GRANTED** in part and **DENIED** in part. Defendant's Motion is **GRANTED** to the extent that, within fourteen (14) days of the date of this Order, Plaintiff shall respond to Defendant's First Request for Production of Documents and First Set of Interrogatories. Defendant's Motion is **DENIED** without prejudice in regard to the motion to compel Plaintiff's execution of HIPPA releases.

Further, the Court is inclined to grant Defendant's motion for attorney's fees and costs apportioned to the part of the motion upon which Defendant has prevailed. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and (C), Defendant shall have seven (7) days to provide an accounting of those apportioned expenses incurred in making the motion to compel. Plaintiff, in turn, shall have an opportunity to be heard on the matter by providing, within seven (7) days thereafter, a response, failing which Defendant's reasonable expenses in making the motion, including attorney's fees, shall be awarded.

- 4 -

**DONE** and **ORDERED** in Ocala, Florida on March 28, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties